IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG 22-091 |
| | * | |
| AKBAR MASOOD, | * | |
| MICHELLE O. PEEBLES, | * | |
| HARRIET JACKSON, | * | |
| JUDITH RUSS, | * | |
| RHONDA PAUL, | * | |
| WESLEY WILLIAMS, | * | |
| BAGNON TITI, and | * | |
| ALFRED DUNCAN | * | |
| | * | |

*******

## ORDER AND FINDINGS REGARDING EXCLUDABLE TIME PURSUANT TO SPEEDY TRIAL ACT

Having considered the United States of America's Consent Motion to Exclude Time Pursuant to the Speedy Trial Act ("the Government's Motion"), and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. The Indictment in this case was returned on March 17, 2022. Defendants first appeared first appeared before a judicial officer of the court in which the charges in this case were pending on April 5 and 7, 2022. In cases where multiple defendants are joined for trial and no motion for severance has been granted, the Speedy Trial Act, 18 U.S.C. § 3161, ordinarily requires that the trial commence no more than 70 days from the initial appearance of the final defendant, subject to various other exclusions provided by the Act.

2. Following the initial appearance of the final defendant on April 7, counsel for the government provided each Defendant's counsel with initial discovery relevant to his/her client. More voluminous discovery was forthcoming, and it was apparent that products of search warrants executed contemporaneously with the arrest of the three lead defendants on April 5 would require

1

a filter review to remove any potentially privileged material before it is analyzed by the government.

3. On May 4, 2022, counsel for the Defendants and the government conferred with this Court and requested an initial ninety day period in which to review discovery and consider what motions would be appropriate to file, in addition to determining whether pretrial resolution would be in their interest. None of the defendants in the case are detained pre-trial. Accordingly, the Court set the next status conference for August 9, 2022. Counsel for defendants also consented to waiving the period until that date from Speedy Trial Act calculations.

4. On August 9, 2022, counsel for Defendants and government related delays in providing the discovery materials discussed above due to issues arising from security features that Defendants ultimately helped resolve by voluntarily providing passwords. Although Counsel for the Defendants expressed frustration with the pace of discovery production, which the Court acknowledged, none wishes to forego receipt of the additional materials, which the government represented would be provided as expeditiously as possible.

5. On October 26, 2022, and again on November 22, 2022, the parties participated in status calls with the Court. The Government reported that progress had been made in providing additional discovery and that the parties had met for a reverse proffer that clarified the need for additional discovery productions. The parties agreed to delay requesting scheduling in the case and provide a status report to Judge Xinis, to whom the case will be reassigned, no later than December 22, 2022.

6. Allowing additional time for the Government to provide defendants with more complete discovery and Defendants an opportunity to meaningfully review that discovery with their attorneys, which may result in pretrial resolution of the case for many or all of the defendants, obtain the necessary permissions to proceed with plea negotiations, is appropriate in the interests

of justice.

7.      The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of counsel for the Government or the Defendant, or failure on the part of the Government to obtain available witnesses.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

Therefore, for good cause shown, and having found that the ends of justice served by a continuance of the trial and exclusion of Speedy Trial Act time outweigh the best interests of the defendant, and the public, in a speedy trial,

The time period of October 27, 2022, to December 22, 2022, inclusive, is excluded in computing time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i),and (h)(7)(B)(iv).

8.      Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO **ORDERED**.

Signed this  3rd  of February 2023.

/S/
_____
HONORABLE PAULA XINIS
UNITED STATES DISTRICT JUDGE
DISTRICT OF MARYLAND

3