IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 8:22-CR-00091-PX-1 |
| | ) | |
| AKBAR MASOOD, *ET AL.* | ) | |

## MOTION TO DISMISS

Mr. AKBAR MASOOD, pursuant to Fed. R. Crim. P. 12(b)(3)(B), respectfully moves this Court to dismiss Count One of the Indictment (ECF No. 1).

## I.   Introduction

### a.   Relevant Procedural History

On March 17, 2022, a federal grand jury in the District of Maryland indicted Mr. Masood and seven co-defendants, in various combinations, on twelve counts of health care fraud-related offenses. (Indictment, ECF No. 1.) The indictment charges Mr. Masood with one count of conspiracy of commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349 (Count One) (Indictment 1–5, ECF No. 1); eight counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 (Counts Two through Nine) (Indictment 6–8, ECF No. 1); and two counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2 (Counts Ten and Eleven) (Indictment 8–9, ECF No.1).

1

### b. Summary of the Argument

Mr. Masood submits that this Court should dismiss Count One of the Indictment for its failing to state an offense, based on Mr. Masood's alleged conduct's not having been in connection with the delivery of, or payment for, health care benefits, items, or services, and Count One's failure to identify any health care benefit program, both being essential elements of the charged offense. Thus, Count One fails to comport with the requisites of Fed. R. Crim. P. 7(c) and 12(b), and U.S. Const. amends. V and VI.

Furthermore, Mr. Masood submits that Count One should be dismissed because it is duplicitous: it improperly alleges two separate conspiracies based on two different and distinct underlying offenses, each of which contains a different and distinct set of elements, i.e., conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1349 and 1347, and conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1349 and 1343.

Moreover, Mr. Masood submits that even assuming, *arguendo*, that any of the above-referenced defects alone do not warrant a dismissal of Count One, those collective deficiencies and their cumulative, prejudicial effect warrants such dismissal.

## II. Argument and Citation of Authority

### a. Failure to State an Offense

This Court should dismiss Count One pursuant to Fed. R. Crim. P. 12(b)(3)(B) for its failure to state an offense and lack of specificity. *See* Fed. R. Crim.

2

P. 12(b)(3)(B)(iii) and (v).

A party may raise by pretrial motion any defense "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). "[A]n indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." *See United States v. Rendelman,* 641 F.3d 36, 43 (4th Cir. 2011).

### 1. Mr. Masood's conduct was not in connection with the delivery of, or payment for, health care benefits, items, or services.

The pertinent part of 18 U.S.C. § 1347 punishes

> [w]hoever knowingly and willfully executes, or attempts to execute, a scheme or artifice . . . to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, *in connection with the delivery of or payment for health care benefits, items, or services* . . . .

18 U.S.C. § 1347(a)(2) (emphasis added). There is no doubt that "in connection with the delivery of or payment for health care benefits, items, or services" is an essential element of an 18 U.S.C. § 1347 violation. *See United States v. McLean*, 715 F.3d 129 (4th Cir. 2013) (analyzing whether evidence was sufficient to support defendant's conviction of making false statements in connection with the delivery of or payment for health care services); *United*

States v. Bobo, 344 F.3d 1076, 1084 (11th Cir. 2003) (the fraud must be "in connection with the delivery of or payment for health care benefits, items, or services").

The inquiry then becomes how to interpret the statutory term "in connection with"—does it mean to include anything ancillary related to a health care benefit program, or, in the alternative, does it carry a higher standard? The Supreme Court's recent opinion in *Dubin v. United States*, 143 S.Ct. 1557 (2023) provides guidance in this regard. In *Dubin,* the Supreme Court demanded vacation of the defendant's convictions of aggravated identity theft premised on a predicate offense of healthcare fraud. The aggravated identity theft statute, 18 U.S.C. § 1028A(a)(1), criminalizes unauthorized use of another person's means of identification "during and in relation to" enumerated felony offenses, thus incorporating an element similar to the "in connection with" element under § 1347.

The Court in *Dubin* explicitly rejected the government's broad reading of "in relation to." Specifically, on the Government's view, "[a] defendant uses a means of identification 'in relation to' a predicate offense if the use of that means of identification 'facilitates or furthers' the predicate offense in some way." 143 S.Ct. at 1564. The Court disagreed. Considering that "[p]atient names or other identifiers will, of course, be involved in the great majority of healthcare billing" (*id*. at 1571), the Court found that "the Government's reading places at the core of the statute its most improbable applications" (*id*.

4

at 1573).

Instead, the Court in *Dubin* clarified that 18 U.S.C. § 1028A(a)(1) is violated only when the defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal, rather than merely an ancillary feature of a billing method. *Id*. at 1563. It reasoned that

> [a] defendant "uses" another person's means of identification "in relation to" a predicate offense when this use is at the crux of what makes the conduct criminal. To be clear, being at the crux of the criminality requires more than a causal relationship, such as " 'facilitation' " of the offense or being a but-for cause of its "success." Instead, with fraud or deceit crimes like the one in this case, the means of identification specifically must be used in a manner that is fraudulent or deceptive . . . .

*Id*. at 1573. Otherwise, "Section 1028A(a)(1) would thus apply automatically any time a name or other means of identification happens to be part of the payment or billing method used in the commission of a long list of predicate offenses. In other words, virtually all of the time." *Id*. at 1564–1565.

Indeed, even before *Dubin,* federal courts had interpreted the "in connection with" element in a restrictive manner. In *Bobo*, the United Staes Court of Appeals for the Eleventh Circuit reversed the district court's order denying Dr. Bobo's motion to dismiss the indictment and vacated his convictions, finding the indictment failed to mention a fraud in connection with the delivery or payment of health care benefits, items, or services. *Id*. at 1077–1078, 1084. In *United States v. Jones*, 471 F.3d 478 (3d Cir. 2006), the United

5

States Court of Appeals for the Third Circuit vacated Jones' conviction, holding that no violation of 18 U.S.C. § 1347 had occurred, since the "in connection with the delivery of or payment for health care benefits, items, or services" statutory criterion was unmet. The court emphasized that the Government's argument "stretched the statute to cover activity beyond its plain words" because there was "simply no type of misrepresentation made in connection with the delivery of or payment for health care benefits, items or services." *Id*. at 482.

Here, in light of *Dubin* and these federal cases, it becomes patently clear that the alleged fraud was not "in connection with the delivery of or payment for health care benefits, items, or services." Rather, the alleged fraudulent scheme concentrated on the *internal management process* regarding the coding database of Walter Reed National Military Medical Center ("WRNMMC") and the Defense Health Agency ("DHA"), without touching any aspect of the delivery of or payment for health care benefits, items, or services. This is evidence by the affidavit in support of search warrants in this case, which explicitly states that the contract awarded to Company A "was established to review, validate, and ensure patients encounters medical codes were input accurately into Walter Reed's medical database." *See* Ex. A, Aff. at 4.

More importantly, the alleged fraud was that defendants fabricated coding auditors' billable hours in order to obtain money under the names of such auditors' salaries where, as alleged, no coding audit work actually

6

occurred. According to the Government's theory, since the entire coding audit work did not happen at all, it is logically impossible for the allege scheme to be "in connection with the delivery of or payment for health care benefits, items, or services," because *no real patient was involved* in the scheme. Thus, in this case, no health care benefits, items, or services were ever delivered or paid for, taking Mr. Masood's conduct outside of the applicable scope of 18 U.S.C. § 1347. In no way could such conduct's ancillary relationship to a health care provider satisfy the critical requirement of the "in connection with" element. *Dubin, supra; Bobo, supra; Jones, supra*.

      A careful review of the allegations in Count One reveals that it fails to sufficiently allege this essential element. While Count One cites to the "in connection with" term, it contains no factual basis establishing why and how the alleged scheme is at the crux of affecting the delivery of or payment for health care benefits, items, or services, where no actual patients were involved. The Supreme Court held that "[a]n indictment not framed to inform defendant with reasonable certainty of nature of accusation against him is defective, although it may follow language of a statute." *Russell v. United States*, 369 U.S. 749 (1962) (emphasis added). In this regard, "[a]lthough language of a statute may be used in an indictment in the general description of an offense, it must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id*.

7

### 2. Count One fails to identify any health care benefit program.

To fulfill the first element of Section 1347, the Government was required to prove beyond a reasonable doubt that Mr. Masood defrauded a "health care benefit program." 18 U.S.C. § 1347. Section 24(b) of HIPAA defines a health care benefit program as:

> Any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

18 U.S.C. § 24(b).

In considering federal health care offenses, courts across the country have consistently found "health care benefit program[s]" to encompass a variety of public and private health insurance plans, other qualified contracts or programs, and individuals or entities receiving funds from such plans/contracts/programs. Federal courts have unequivocally found Medicare, Medicaid, and their state equivalents (and providers who receive funding from these programs) to be health care benefit programs. *See, e.g., United States v. Louthian*, 756 F.3d 295, 297 (4th Cir. 2014) (identifying Medicare as a health care benefit program); *United States v. Bell*, 282 F. App'x 184, 186 (3d Cir. 2008) (identifying Atrium—a nursing and rehabilitation center receiving Medicare and Medicaid funding—as a health care benefit program); *United States v. Wayland*, 549 F.3d 526, 527 (7th Cir. 2008) (identifying Medicaid as a health

8

care benefit program). Courts have also consistently identified private insurance companies as health care benefit programs. *See, e.g., Louthian*, 756 F.3d at 297 (identifying private insurers, including Anthem Blue Cross/Blue Shield, as health care benefit programs); *United States v. Gelin*, 712 F.3d 612, 618 n.4 (1st Cir. 2013) ("[T]he statute's legislative history contains language showing that in enacting § 1347, Congress considered fraudulent schemes perpetrated on insurance companies of the type involved here"; *United States v Benoit*, 545 F. App'x 171, 173 (3d Cir. 2013) (noting bills for fraudulent services were submitted "to several insurance companies"); *United States v. Malinsky*, 391 F. App'x 200, 201 (3d Cir. 2010) (noting defendants caused the submission of "fraudulent claims for reimbursement to health insurance companies."); *United States v. Garcia-Pastrana*, 584 F.3d 351, 358–59, 368–70 (1st Cir. 2009) (identifying a union-operated health plan as a health care benefit program).

The key is that an indictment charging health care fraud must identify such a plan, contract, or program. The analysis in *United States v. Jones*, 2007 WL 2464478 (W.D. Pa. Aug. 27, 2007) is illustrative. After the Third Circuit reversed Jones' convictions under Section 1347, *see United States v. Jones*, 471 F.3d 478 (3d Cir. 2006), the district court considered whether Jones had instead committed health care theft in violation of 18 U.S.C. § 669—a health care offense incorporating Section 24(b)'s definition of "health care benefit program." Jones had worked at a methadone clinic that was paid in cash and

9

Case 8:22-cr-00091-PX   Document 135   Filed 12/04/23   Page 10 of 15

not through insurance; on this basis she argued that her conduct did not target a health care benefit program. *Id.* at *3. The district court found that there was sufficient evidence, however, that that the clinic was a health care benefit program because the office at which Jones worked was *one of two offices operated by Progressive and Progressive's other office was reimbursed "by an insurance plan affecting commerce, namely Value Behavioral Health."* *Id.* at *2 (emphasis added). The parties did not dispute that Value Behavioral Health was a health care benefit program and the court noted that "state-funded insurance plans have been found to be health care benefit programs pursuant to Section 24(b)." *Id.* Because the parent entity for whom Jones worked operated another clinic that was reimbursed by a health care benefit program (Value Behavioral Health), Jones had embezzled funds from an entity within the scope of Section 24(b). *See id.* at *4. The Third Circuit affirmed the district court on this basis. *See United States v. Jones*, 299 F. App'x 187, 189–90 (3d Cir. 2008).

Here, however, Count One completely fails to identify any plan, contract, or program under which medical benefit, item, or service is provided. It only states that Company A was awarded a contract for providing coding and auditing services to WRNMMC and DHA, which were both agencies of the United States Government. Indict., ECF No. 1 at 1. Notably, this coding and auditing contract itself is not a contract under which *medical* benefit, item, or service is provided, because the coding and auditing services

are different to medical services in nature. The same holds true as to the subcontracts Company A had with other companies. Other than that, Count One simply does not mention any qualified health care benefit program from which WRNMMC and DHA received funds.

As such, Count One fails to state an offense because it does not sufficiently allege factual basis as to the above specified essential elements of the charged crime.

**b.     Duplicity**

Fed. R. Crim. P. 8(a) provides that an indictment contain "a separate count for each offense." When the indictment on its face presents more than one conspiracy in a single count, such a count is improper, as it is considered duplicitous. *United States v. Jackson*, 926 F. Supp. 2d 691, 700–01 (E.D.N.C. 2013) (citations omitted).

Duplicitous counts create due process concerns. One of the main problems being that the jury may convict, without unanimously agreeing as to the guilt of the accused on one of the multiple offenses charged in the count. With a duplicitous indictment, there is simply no way in which the jury can convict a defendant of one offense and acquit of the other offense contained in the same count. As a result, a general verdict of guilty "does not reveal whether the jury found the defendant guilty of one crime and not guilty of the others, or guilty of all of them." *United States v. Stanley*, 597 F.2d 866, 872 (4th Cir. 1979). In addition, a duplicitous charge may further prejudice the

11

defendant in a subsequent plea of double jeopardy; or, at the trial of the duplicitous count itself because the federal rules may permit evidence to come in as to one of the offenses charged in the single count, which may not be admissible as to the other. *See United States v. Schlei*, 122 F.3d 977 (11th Cir. 1997).

Although a conspiracy may consist of a single agreement with multiple objectives, *United States v. Young*, 989 F.3d 253, 263 (4th Cir. 2021), a conspiracy count may also be duplicitous where it reflects distinct agreements. *See United States v. Bartko*, 728 F.3d 327, 344–45 (4th Cir. 2013) (distinguishing single conspiracies from separate, independent conspiracies "based on the overlap in actors, methods, and goals"); *United States v. Gordon*, 844 F.2d 1397 (9th Cir. 1988) (conspiracy count duplicitous where it "charged two conspiracies--one to defraud the United States in the administration of the Trident Missile Program, and another to obstruct the grand jury investigation"). In such a case, dismissal is warranted if the objection is timely raised in a pretrial motion, since such an objection "is based on defects in the indictment." *Id*. at 1400.

To determine whether Count One charges multiple conspiracies, the Court must review the indictment to ascertain whether it alleges a single, overall agreement among the parties, or several different agreements. *See United States v. Brown,* 811 F. App'x 818, 823 (4th Cir. 2020); *United States v. Perez*, 489 F.2d 51 (5th Cir. 1973).

Mr. Masood submits that Count One improperly alleges at least two distinct conspiracies based upon two separate underlying offenses: (1) conspiracy to commit health care fraud; and (2) conspiracy to commit wire fraud, and thereby causing identifiable prejudice to him in violation of Rule 12(b)(3)(B)(i). Specifically, 18 U.S.C. § 1347 provides that

> [w]hoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—
> (1) to defraud any health-care benefit program; or
> (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health-care benefit program, in connection with the delivery of or payment for health-care benefits, items, or services, [shall be guilty of an offense against the United States].

And, 18 U.S.C. § 1343 provides that

> [w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice [shall be guilty of an offense against the laws of the United States].

Apparently, these are two completely distinct offenses, separate and apart from each other, with different essential elements which are not interchangeable.

Notably, here, Count One does not charge one conspiracy with multiple objectives or means. Instead, it charges two separate conspiracies based on violations of two distinct code sections, each with a different set of elements

13

and requiring different modicums of proof at trial, thereby implicating the accused's Fifth Amendment and Due Process rights warranting dismissal of Count One. Consequently, in attempting to prepare for trial, the dilemma Mr. Masood faces is attempting to identify the conspiracy in Count One that he is to defend against. Is it a healthcare fraud conspiracy so that he must defend against the allegation that he obtain money or property owned by, or under the custody or control of, a health care benefit program? Or, in the alternative, is it a wire fraud conspiracy so that the aforementioned allegation is not part of the charge against him?

For the same reason, the duplicitous conspiracies charged in Count One would also affect the a jury's unanimous verdict and raise double jeopardy concerns. If some jurors found all defendants in this case conspired to commit both substantive offenses, while other jurors found Group A of the defendants are only guilty of conspiring to commit healthcare fraud but Group B of the defendants are only guilty of the wire fraud conspiracy, in no way could it be a unanimous verdict. The two conspiracies charged in Count One would create impermissible ambiguity leading to a general verdict of guilty "does not reveal whether the jury found the defendant guilty of one crime and not guilty of the others, or guilty of all of them." *Stanley*, *supra*.

As such, Count One must be dismissed as duplicitous.

### c. Cumulative Effect

As detailed herein above, Mr. Masood's due process rights and his right

to be free from double jeopardy cannot be protected by the mere recitation of the code sections hoped to be charged. Even assuming, *arguendo*, that each of the above specified defects in Count One alone does not require it to be dismissed, dismissal is warranted when viewing all the severe defects alluded to in the preceding paragraphs and their cumulative prejudicial effect.

### III.  Conclusion

Mr. Masood, based on the foregoing arguments, prays that this Court dismiss Count One of the Indictment.

Date:        December 4, 2023

Respectfully Submitted,

***s/ Joshua Sabert Lowther, Esq.***
Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
jlowther@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3650
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com

Attorney for Defendant
Akbar Masood