IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PX-22-091** |
| | * | |
| **RHONDA PAUL** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| ****** | | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

The Government submits this memorandum in aid of sentencing regarding Rhonda Paul (the "Defendant"), scheduled for April 22, 2024. On February 12, 2024, the Defendant pleaded guilty to a superseding information charging her with False Statement in a Health Care Matter. For the reasons below, the United States recommends that the Court impose a guideline sentence of probation for 2 years. Because the Defendant does not have the financial ability to pay a fine, the government is requesting no financial penalties as part of sentencing in this case apart from the mandatory special assessment, though it recommends the imposition of a community service requirement in lieu of a fine, per U.S.S.G. § 2R1.1 Application Note 2 and § 5B1.3(a)(2).

## Background

As related in the agreed statement of facts (at PSR ¶¶ 9-12), Defendant agreed with co-defendant Michelle Peebles to pose as a medical coder and submit invoices to Peebles' employer for coding services performed pursuant to the employer's contract with Walter Reed National Military Medical Center. Peebles, in her capacity as site project manager, would then verify that the work had been performed, causing the employer to make monthly payments to Paul. From 2017-19, these payments totaled $298,851. The employer issued Paul Form 1099s for this income, which neither Paul nor Peebles paid taxes upon. Rather, Paul would provide at least half

1

of the funds back to Peebles in cash and kept the rest.

Peebles claims that the work for which Paul billed was work Peebles herself actually performed, but which she wanted to avoid being paid on directly so she could maintain lower formal income levels to qualify for disadvantaged contract preferences. Due to the imprecision of the coding contract performance standards, which, in retrospect, would allow anyone who had touched a particular record—to include simply verifying its accuracy—at any point between its generation and final verification to claim credit for the coding work, it is impossible at this point to determine whether Peebles' claims are entirely true or whether this particular part of the scheme led to government loss.

What is now apparent is that Defendant's role—and knowledge thereof—was limited. Defendant was the first of the defendants in this case to reach out to the government and take responsibility. The government credits her account that she viewed Peebles' proposal as a godsend to help her get out of a hole financially, and asked few to no questions regarding the propriety of what she was doing.

Although there is no provable loss to the government from fraudulent billing, it is certain that no one paid taxes on the nearly $300,000 in income that Peebles' employer paid Paul. The government initially believed Paul would be responsible for these unpaid taxes. IRS agents who were associated with the case clarified however, that because Peebles claimed she had worked for the income, she was also responsible for the taxes, and that the portion of the income she allowed Paul to keep was legally a gift.

## **Recommendation**

Given these circumstances and the resulting final offense level of 4, the Government submits that a probation sentence is sufficient but not greater than necessary to meet the goals of

sentencing set forth at 18 U.S.C. § 3553(a).  The mere fact that Defendant has been convicted of a felony charge carries significant consequences even without a term of imprisonment.  The conviction will almost certainly restrict her ability to obtain employment in the health care sector, where she previously worked.  The government feels that the collateral consequences of a felony conviction are sufficiently serious for this first offender such that imprisonment or home detention would be greater than necessary to punish her for her willfully blind conduct.  Further, because the only provable loss to the government is a tax loss that is attributable to Ms. Peebles, the government is not seeking a restitution order against the Defendant.

Outside of the mandatory $100 special assessment, other financial penalties are inappropriate because Defendant has no ability to pay them, though the government recommends, consistent with U.S.S.G. §2R1.1 Application Note 2 and § 5B1.3(a)(2), that the imposition of a 50-hour community service requirement is appropriate in this situation.  The government would recommend that completion of this community service be mandated within whatever term of probation the Court imposes.

Respectfully Submitted,

Erek L. Barron
United States Attorney

By: _____
Adam K. Ake
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice of such filing to all users.

/s/ Adam K. Ake
Adam K. Ake
Assistant United States Attorney