IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX 22-091 |
| | * | |
| JUDITH RUSS | * | |
| | * | |
| | * | |
| | ****** | |

## ORDER AND FINDINGS REGARDING EXCLUDABLE TIME PURSUANT TO SPEEDY TRIAL ACT

Having considered the United States of America's Motion to Exclude Time Pursuant to the Speedy Trial Act ("the Government's Motion"), and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. The Indictment in this case was returned on March 17, 2022. Defendant Russ, along with seven original codefendants first appeared before a judicial officer of the court in which the charges in this case were pending on April 6, 2022. In cases where multiple defendants are joined for trial and no motion for severance has been granted, the Speedy Trial Act, 18 U.S.C. § 3161, ordinarily requires that the trial commence no more than 70 days from the initial appearance of the final defendant, subject to various other exclusions provided by the Act.

2. Following the initial appearance of the final defendant on April 7, counsel for the government provided each Defendant's counsel with initial discovery relevant to his/her client. More voluminous discovery was forthcoming, and it was apparent that products of search warrants executed contemporaneously with the arrest of the three lead defendants on April 5 would require a filter review to remove any potentially privileged material before it is analyzed by the government.

3. On May 4, 2022, counsel for the Defendants and the government conferred with

this Court and requested an initial ninety-day period in which to review discovery and consider what motions would be appropriate to file, in addition to determining whether pretrial resolution would be in their interest.  None of the defendants in the case were detained pre-trial.  Accordingly, the Court set the next status conference for August 9, 2022.  Counsel for defendants also consented to waiving the period until that date from Speedy Trial Act calculations.

4.   Further Speedy Trial exclusions were granted following status conferences on August 16, 2022 (ECF No. 97), December 2, 2022 (ECF No. 102), and February 17, 2023 (ECF No. 110) through the pretrial motions deadline established by the pretrial scheduling order issued by this Court after it was reassigned following the retirement of U.S. District Judge Paul Grimm, who was originally assigned the case.

5.   On December 4, 2023, Defendant Russ filed a motion to sever her case from her co-defendants, to which the Government consented.  On December 15, 2023, the parties held a status conference with the Court during which all parties indicated that they were involved in plea negotiations with the government and expected to resolve the case without the need for a trial.  During that hearing, the Court granted Defendant's Russ' unopposed motion to sever and took the trial previously scheduled for February 2024 off the calendar.

6.    On March 19, 2024, counsel for Defendant Russ informed the government that Ms. Russ had declined the government's plea offer and elected to proceed to trial.  The parties held a status call with the Court on March 22, 2024, and set a trial date of September 30, 2024, in this matter, to which counsel for Defendant consented.

7.   Based on Defendants' assent to the trial schedule in this matter the Government requests exclusion of the period between March 22, 2024, and September 30, 2024, from Speedy Trial Act calculations and asks the Court to find that doing so will serve "the ends of justice" and "outweigh the best interest of the public and the defendant in a speedy trial," 18 U.S.C. §

3161(h)(7)(A). Section 3161 has been interpreted to include a number of different proceedings and events concerning a defendant, including delays resulting from plea negotiations and the need to review discovery. *United States v. Ford*, 288 Fed. Appx. 54, 58 (4th Cir. 2008) (unpublished) (approving exclusion of time spent on plea negotiations); *United States v. Fabian*, 798 F. Supp. 2d 647, 673 (D. Md. 2011) (same); *United States v. Hart*, No. PJM 17-376, 2019 U.S. Dist. LEXIS 124091 (D. Md. July 23, 2019) (approving exclusion based on discovery review delays).

Accordingly, the Court finds that there is good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, and that the ends of justice are served by a continuance of the trial and exclusion of Speedy Trial Act time outweigh the best interests of the defendant, and the public, in a speedy trial,

The time period of March 22 to September 30, 2024, inclusive, is excluded in computing time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial mustcommence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO **ORDERED**.

Signed this  30th  of April 2024.

/S/
HONORABLE PAULA XINIS
UNITED STATES DISTRICT JUDGE
DISTRICT OF MARYLAND