*KOH*

DSG/RM: USAO 2021R00335

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

USDC - GREENBELT
'24 AUG 8 PM 3:01

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-22-091 |
| | * | |
| AKBAR MASOOD, | * | (Conspiracy to Commit Health Care |
| | * | Fraud and Wire Fraud, 18 U.S.C. |
| Defendant | * | § 1349; Wire Fraud, 18 U.S.C. § 1343; |
| | * | Aggravated Identity Theft, 18 U.S.C. |
| | * | § 1028A; Aiding and Abetting, 18 |
| | * | U.S.C. § 2; Forfeiture, 18 U.S.C. |
| | * | §§ 981(a)(1)(C) and 982(a)(7) and |
| | * | (b)(1), 21 U.S.C. § 853(p), 28 U.S.C. |
| | * | § 2461(c)) |
| | * | |

*******

## SUPERSEDING INDICTMENT

### COUNT ONE
### (Conspiracy to Commit Health Care Fraud and Wire Fraud)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

### Introduction and Background

1.      Company A was a company headquartered in the Commonwealth of Virginia and served as a prime contractor for medical support services to the Walter Reed National Military Medical Center ("WRNMMC") and the Defense Health Agency ("DHA"), which were both agencies of the United States Government.  **AKBAR MASOOD ("MASOOD")**, a resident of Great Falls, Virginia, was a part-owner and "Chief Strategy Officer" of Company A.  **Michelle Peebles** ("**Peebles**"), a resident of Riverdale, Maryland, was a site manager at Company A.

2.      HMA Solutions was organized on December 30, 2016, as a Delaware Limited Liability Corporation but headquartered in Riverdale, Maryland.  **Peebles** and **MASOOD** were

members of HMA.  A third individual, **Harriet Jackson, a/k/a/ "Harriet Soumah"**

("**Jackson**") had no formal role in HMA but shared in the business' proceeds.

3.     Victim 1 was a career medical coder and former colleague of **Jackson** and was never employed or compensated by HMA.

4.     Victim 2 was a registered nurse and former romantic relation of **Jackson** and was never employed or compensated by HMA.

5.     Victims 3 through 5 were employees of Company A and were never employed or compensated by HMA.

## The Conspiracy

6.     From a time unknown to the Grand Jury, but beginning at least in or about December 16, 2016, and continuing through at least in or about January 4, 2019, in the District of Maryland and elsewhere, the defendant,

### AKBAR MASOOD,

conspired and agreed with **Michelle Peebles**, **Harriet Jackson** and others known and unknown to the Grand Jury to commit offenses under chapter 63 of Title 18, United States Code, to defraud and obtain money and property from the United States Government, namely:

a.     to knowingly and willfully execute and attempt to execute a scheme and artifice to obtain, by means of false or fraudulent pretenses, representations, or promises ("the scheme to defraud"), any of the money or property owned by, or under the custody or control of, any health care benefit program in connection with the delivery of or payment for health care benefits, items, or services, in violation of 18 U.S.C. § 1347; and

b.     for the purpose of executing and attempting to execute the scheme to defraud, to cause to be transmitted by means of wire communication, in interstate and foreign

commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### Manner and Means of the Conspiracy and Scheme to Defraud

It was part of the conspiracy and scheme to defraud that:

7.      **MASOOD** and **Peebles** established HMA to take advantage of Company A's contract with WRNMMC for medical coding support.

8.      **MASOOD** took advantage of decision-making authority within Company A to push or divert subcontract work on Company A's contract with WRNMMC to HMA.

9.      **MASOOD** and **Peebles** used the identity of an actual person, Victim 1, with which HMA contracts were established with Company A.

10.     WRNMMC elected to contract with Company A for in-person coding support from highly-skilled Clinical Documentation Information ("CDI") specialists. **MASOOD** and **Peebles**, acting on behalf of HMA, falsely put forward the names of Victims 2, 3, 4, and 5 as CDI specialists who worked for HMA.

11.     **MASOOD** and **Peebles** would charge Company A for CDI services, which, in turn, billed those hours to WRNMMC.

18 U.S.C. § 1349

## COUNTS TWO THROUGH FIVE
### (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1.       Paragraphs 1 through 5 and 7 through 11 of Count One are incorporated here.

### The Charge

2.       On or about the dates set forth in the table below, in the District of Maryland and elsewhere, the defendant,

### AKBAR MASOOD,

for the purpose of executing and attempting to execute the scheme and artifice described above, did cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, and pictures, described below for each count, each transmission constituting a separate count:

| Count | Date | Wire Communication |
|-------|------|--------------------|
| 2 | August 2, 2017 | Email from an address purporting to be Victim 1 (renee@hmasolutionsllc.com), in Maryland, to an employee of Company A in Sterling, Virginia, containing the names of Victims 2, 3, 4, and 5 and falsely claiming that these victims would perform services for HMA. |
| 3 | October 4, 2017 | Email from accounting@hmasolutionsllc.com, from Riverdale, Maryland, to an employee of Company A and **PEEBLES'** Company A email account, both in Sterling, Virginia, containing a falsified invoice from HMA for $88,086.80 for services including purported CDI coding services performed by nonexistent employees in September 2017. |
| 4 | October 4, 2017 | Web-based electronic communication from Company A in Sterling, Virginia, to Contract Officials at WRNMMC in Bethesda, Maryland, for invoices in the amounts of $184,914.75 for hourly services |

| | | |
|---|---|---|
| | | performed in September 2017, which communication included an attachment itemizing charges for at least four nonexistent CDI coders (Victims 2 through 5's) work. |
| **5** | October 20, 2017 | Wire money transfer from Infused Solutions' BB&T account ending in 1225, registered in Sterling, Virginia, for $88,086.80 to HMA Solutions' TD Bank account ending in 4418, registered in Lanham, Maryland. |

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNT SIX
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1.      Paragraphs 1 through 5 and 7 through 11 of Count One are incorporated here.

### The Charge

2.      On or about August 2, 2017, in the District of Maryland and elsewhere, the

defendant,

### AKHBAR MASOOD,

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)—that is, wire

fraud in violation of 18 U.S.C. § 1343, as charged in Count Two of this Indictment—knowingly

caused the transfer, possession, and use, without lawful authority, a means of identification of

another person, knowing that the means of identification belonged to a real person, that is, the

name and professional certification of Victim 1.


18 U.S.C. § 1028A
18 U.S.C. § 2

### COUNT SEVEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1.      Paragraphs 1 through 5 and 7 through 11 of Count One are incorporated here.

### The Charge

2.      On or about October 4, 2017, in the District of Maryland and elsewhere, the

defendant,

### AKBAR MASOOD,

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)—that is, wire

fraud in violation of 18 U.S.C. § 1343, as charged in Count Three of this Indictment—knowingly

caused the transfer, possession, and use, without lawful authority, a means of identification of

another person, knowing that the means of identification belonged to a real person, that is, the

names and professional certifications of Victims 2, 3, 4 and 5.


18 U.S.C. § 1028A
18 U.S.C. § 2


7

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.     Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the

United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C.

§§ 981(a)(1)(C) and 982(a)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the

defendants' convictions under any of the offenses in Counts One through Seven of this

Indictment.

### Health Care Fraud Conspiracy Forfeiture

2.     Upon conviction of the offense charged in Count One, the defendant,

### AKBAR MASOOD,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or

personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the

commission of such offense.

### Wire Fraud Forfeiture

3.     Upon conviction of any of the offenses charged in Counts One through Five, the

defendant,

### AKBAR MASOOD,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c),

any property, real or personal, which constitutes or is derived from proceeds traceable to such

offenses.

8

## Substitute Assets

4.      If, as a result of any act or omission of the defendant, any such property subject to

forfeiture:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third person;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be subdivided

            without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1) and

28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above.


18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(7) and (b)(1)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)


                     Erek Barron / DSG
                     Erek L. Barron
                     United States Attorney


A TRUE BILL:


**SIGNATURE REDACTED**

Date: 8/8/2024